IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AMANDA SERRANO**, Individually, and as Administratrix of the ESTATE OF BRET P. COONEY, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:12cv1678 |
| | ) | **Electronic Filing** |
| **CHESAPEAKE APPALACHIA, LLC**; **NATIONAL OILWELL VARCO, L.P.**; **NATIONAL OILWELL VARCO, INC.**; **NATIONAL SUPPLY COMPANY, INC.**; **MIDWEST FLEXIBLE HOSE, INC.**; **EXPRESS ENERGY SERVICES CT, LP**; **EXPRESS ENERGY SERVICES GP, LLC**; **EXPRESS ENERGY SERVICES OPERATING, LP**, | ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

AND NOW, this 6th day of March, 2014, upon due consideration of plaintiff's motion to compel investigative documents of Chesapeake and Chesapeake's submissions in response thereto, IT IS ORDERED that [64] plaintiff's motion be, and the same hereby is, denied. This ruling is without prejudice to plaintiff seeking to discover factual information contained within the investigative notes and/or to discover any "source document" not privileged through discovery devises and framed inquires that net the factual information/document without intruding into any actual privileged documents or communications.

The actual incident report completed by Mr. Miller has been produced to plaintiff. The record sufficiently established that Mr. Miller was acting at the request of Attorney Fraley in gathering the information in his "investigative notes." As noted in the opinion issued in conjunction with plaintiff's motion to enforce subpoena against Patterson, attorneys are permitted to use agents in fulfilling their professional obligations. Attorney Fraley became aware of the

event on the day it occurred, reasonably believed from experience that litigation would ensue and directed that an investigation and the collection of information be conducted in order to advise, protect and defend Chesapeake. At the very least, the prerequisites for invocation of the work product doctrine are present and Chesapeake is entitled to withhold Mr. Miller's investigation notes pursuant to the work product doctrine.

The record also demonstrates that plaintiff has not specifically requested "source documents" utilized by Mr. Miller. Plaintiff must request such information before Chesapeake has an obligation to produce or object to such a discovery request. The court will not compel that which has not been sought through properly propounded discovery requests.[1]

Finally, plaintiff's attempt to demonstrate the inability to obtain the substantial equivalent of the discoverable information within those notes without undue hardship woefully is deficient. The assertion that plaintiff cannot obtain the "precise information" in Mr. Miller's investigative notes misstates the controlling standards. What is required is that plaintiff have access to the substantial equivalent of the information through other means. Plaintiff has not requested defendants to identify those individuals who are known to be eye witnesses to the event. And even the modest information in the record before the court sheds light on this inquiry. Thus, plaintiff's complaint that she is being forced to take "shots in the dark" sufficiently is belied by her own shortcomings in seeking to obtain factual information available through proper discovery and reviewing the information that has been made available to her.

---

[1] The court already has ruled on plaintiff's challenges to the communications between Patterson and Chesapeake and those rulings apply with equal force to any request propounded on Chesapeake.

Similarly, the lapse of time between any account of the event relayed to Mr. Miller and the potential recall of it through deposition falls short of the mark. As Judge Surrick of the Eastern District has observed in a wrongful death case involving a motor vehicle accident:

> In addition, the timing of the statements do not prevent depositions from serving as their substantial equivalents. While the statements were made closer to the time of the accident, they were not contemporaneous with it and, as a result, are not so unique that they cannot be substantially replicated in depositions. See [Basinger v. Glacier Carriers, Inc., 107 F.R.D. 771, 774 (M.D. Pa. 1985)] ("[M]ere lapse of time should normally be enough to require production only of statements given at almost the same time as the accident. Were a statement given a week, or two weeks, after the accident at issue, the court might well require counsel to demonstrate . . . that the witness was not available for deposition without undue hardship." (quoting Hamilton v. Canal Barge Co., 395 F.Supp. 975, 978 (E.D. La. 1974))); see also [Carson v. Mar-tee Inc., 165 F.R.D. 48, 50 (E.D. Pa. 1996)] (finding that plaintiffs had not made the requisite showing under Rule 26(b)(3) because statement at issue, "made months after the accident, [wa]s not the most contemporaneous").

Brown v. Nicholson, 2007 WL 1237931, *3 (E.D. Pa. April 25, 2007). This reasoning and authority equally is applicable to the matter at hand.

Furthermore, there is no showing that any particular eyewitness is claiming to have difficulty with memory recall or that an individual having unique information cannot be located despite prudent efforts to do so. Mere sophistry does not establish undue hardship. Cf. Teribery v. Norfolk & W. Ry. Co., 68 F.R.D. 46, 48 (W.D. Pa 1975) ("We should emphasize that our conclusion that the plaintiff has substantial need of the statements of the train crew in the preparation of his case and is unable without undue hardship to obtain the substantial equivalent of these statements by other means is based on the specific facts of this case. In particular, the court notes that members of the train crew gave statements to the railroad on the day of the accident; that these train crew members are the only known eyewitnesses to the collision; and that members of the train crew admitted in their deposition taken about a year after the accident that they could not recall certain facts about the collision."). Nor do complaints of inconvenience and the expense of discovery suffice for a showing of undue hardship. To the contrary, "[c]ourts

3

require a party seeking to overcome the work product protection to show that they failed at all attempts to discover the material through alternative sources." George v. Siemans Industries Automation, Inc., 182 F.R.D. 134, 141 (D. N.J. 1998) (citing Martin, 983 F.2d at 1255; In re Grand Jury, 633 F.2d at 290).

Chesapeake sufficiently has demonstrated that Mr. Miller's investigative notes fall within the scope of the work product doctrine. Plaintiff has failed to advance a basis to overcome the qualified privilege. Plaintiff has not made formal requests for source documents and/or factual information that would be presumed to be contained in such documents. Accordingly, plaintiff's motion to compel properly has been denied.

s/David Stewart Cercone
David Stewart Cercone
United States District Judge

cc:    Michael A. Murphy, Esquire
Michael P. Leahey, Esquire
J. Eric Barchiesi, Esquire
Daniel R. Michelmore, Esquire
Mark L. Reilly, Esquire
Ralph M. Monico, Esquire
John A. Bass, Esquire
Mark Blondman, Esquire

(*Via CM/ECF Electronic Mail*)